UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY DUNN, and            DEMAND FOR JURY TRIAL
RICHARD DUNN
    Plaintiffs,

-vs.-

DANIEL S. GROSS &
ASSOCIATES, PLC,
    Defendant.
_____

## COMPLAINT AND JURY DEMAND

**NOW COME** the Plaintiffs, Amy Dunn and Richard Dunn, by and through their counsel, Credit Repair Lawyers of America, who for their Complaint against the Defendant pleads as follows:

## JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. § 1367.

## VENUE

3. Defendant's principal place of business is in the County of Oakland, State of Michigan.

4. Venue is proper in the Eastern District of Michigan.

## PARTIES

5. Plaintiff Amy Dunn is a natural person residing in Howell, Michigan. Mrs. Dunn is a "consumer" and "person" as the terms are defined and used in the FDCPA. Mrs. Dunn is a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

6. Plaintiff Richard Dunn is a natural person residing in Howell, Michigan. Mr. Dunn is a "consumer" and "person" as the terms are defined and used in the FDCPA. Mr. Dunn is a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC,

7. The Defendant to this lawsuit is Daniel S. Gross & Associates, PLC, which is a Michigan company that maintains its principal place of business in Oakland County, Michigan.

## GENERAL ALLEGATIONS

8. Defendant was attempting to collect a consumer debt allegedly owed by Amy Dunn and Richard Dunn (collectively, the "Plaintiffs") to Cadles of West Virginia, LLC ("Cadles") in the approximate amount of $139,158.51 regarding a promissory note for a loan concerning the Plaintiffs' former residence (the "Debt").

9. The Debt was secured by a second mortgage on the Plaintiffs' former residence, located at 16191 Negaunee, Redford, MI 48240 (the "Residence")

10. The last payment made on the Debt was on or about September 1, 2010.

11. The holder of the first mortgage on the Residence foreclosed, and was sold by way of Sheriff's sale on March 30, 2011, and was not redeemed; thereby extinguishing the second mortgage held by Cadles.

12. On February 6, 2017, Defendant filed a complaint against the Plaintiffs on behalf of Cadles alleging claims for: (1) breach of contract, (2) account stated, and (3) unjust enrichment (hereinafter, the "State Court Complaint").

13. Each of the claims alleged in the State Court Complaint sought relief under the promissory note which is the subject of the Debt.

14. The period of limitations for the claims for breach of contract and account stated alleged in the State Court Complaint is six years.

15. The claim for unjust enrichment alleged in the State Court Complaint is precluded by the promissory note which is the subject of the Debt.

16. The claims for breach of contract and account stated alleged in the State Court Complaint accrued on or about October 1, 2016.

17. The period of limitations for the claims for breach of contract and account stated alleged in the State Court Complaint expired on or about October 1, 2016; months before Defendant filed the State Court Complaint.

18. On July 28, 2017, Plaintiffs filed an answer to the State Court Complaint alleging the statute of limitations as an affirmative defense; nevertheless, Defendant has chosen to move forward on the claims alleged in the State Court Complaint, forcing Plaintiff's to retain counsel to defend against the same.

19. Plaintiffs have suffered pecuniary and emotional damages as result of Defendant's actions.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiffs reincorporate the preceding allegations by reference.

21. At all relevant times, Defendant, in the ordinary course of its business, regularly engages in the practice of collecting debts on behalf of other individuals or entities.

22. Plaintiff Amy Dunn is a "consumer" for purposes of the FDCPA and the Debt at issue in this case is a consumer debt incurred for personal, family, and household purposes.

23. Plaintiff Richard Dunn is a "consumer" for purposes of the FDCPA and the Debt at issue in this case is a consumer debt incurred for personal, family, and household purposes.

24. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

25. Defendant's foregoing acts in attempting to collect the Debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendant violated this section of the FDCPA by filing the State Court Complaint alleging time-barred and legally

untenable claims in an effort to collect the Debt, and maintaining those claims;

b. 15 U.S.C. § 1692e by using false, deceptive, and misleading representations and means in connection with its efforts to collect the Debt. Defendant violated this section of the FDCPA by falsely representing that claims alleged in the State Court Complaint are legally viable, maintaining those claims, and falsely representing that Cadles is entitled to a judgment against Plaintiffs for money damages;

c. 15 U.S.C. § 1692e(2)(a) by misrepresenting the character, amount or legal status of any debt. Defendant violated this provision of the FDCPA by misrepresenting the character, amount, and legal status of the Debt by filing the State Court Complaint alleging time-barred and legally untenable claims, and maintaining those claims;

d. 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken. Defendant violated this provision of the FDCPA by threatening to obtain a judgment against the Plaintiffs for money damages concerning the Debt based on time-barred and legally untenable claims, and maintaining those claims;

  e. 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect a debt. Defendant violated this provision of the FDCPA by misrepresenting that the claims alleged in the State Court Complaint are legally viable and not time-barred, and further violated this provision by maintaining those claims;

  f. 15 U.S.C. § 1692e by using unfair and deceptive mean to collect or attempt to collect the Debt. Defendant violated this provision of the FDCPA by filing the State Court Complaint seeking money damages from Plaintiffs based on time-barred and legally untenable claims, and maintaining those claims; and

  g. 15 U.S.C. § 1692f(1) by collecting any amount not permitted by law. Defendant violated this provision of the FDCPA by filing the State Court Complaint seeking money damages from Plaintiffs based on time-barred and legally untenable claims, and maintaining those claims.

26. Plaintiffs have suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE**, Plaintiffs pray this court grants them a judgment against Defendant for actual damages, statutory damages, costs, interest, and attorneys' fees.

## COUNT II

## VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

27. Plaintiffs incorporate the preceding allegations by reference.

28. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

29. Plaintiff Amy Dunn is a debtor as that term is defined in M.C.L. § 339.901(f).

30. Plaintiff Richard Dunn is a debtor as that term is defined in M.C.L. § 339.901(f).

31. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

   a. MCL § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant violated this provision of the MOC by falsely representing that claims alleged in the State Court Complaint are legally viable, maintaining those claims, and falsely representing that Cadles is entitled to a judgment against Plaintiffs for money damages;

   b. MCL § 339.915(f)(ii) by misrepresenting the legal rights of Cadles and the Plaintiffs. Defendant violated this provision of the MOC by misrepresenting the legal rights of Cadle and the Plaintiffs when filing

  the State Court Complaint alleging time-barred and legally untenable claims, and maintaining those claims;

 c. MCL § 339.915(n) by using harassing, oppressive, and abusive methods to collect the Debt. Defendant violated this provision of the MOC by filing the State Court Complaint seeking money damages from Plaintiffs based on time-barred and legally untenable claims, and maintaining those claims; and

 d. MCL § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee. Defendant violated this provision of the MOC by failing to implement a procedure designed to prevent the filing of time-barred and legally untenable claims.

32. These violations of the Michigan Occupational Code were willful.

33. Plaintiffs have suffered damages as a result of these violations of the Michigan Occupational Code.

**WHEREFORE**, Plaintiffs pray this court grants them a judgment against Defendant for actual damages, statutory damages, costs, interest, and attorneys' fees.

## COUNT III

## VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

34. Plaintiffs incorporate the preceding allegations by reference.

35. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

36. Plaintiff Amy Dunn is a "consumer" as that term is defined at MCL § 445.251.

37. Plaintiff Richard Dunn is a "consumer" as that term is defined at MCL § 445.251.

38. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

   a. MCL § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant violated this provision of the MOC by falsely representing that claims alleged in the State Court Complaint are legally viable, maintaining those claims, and falsely representing that Cadles is entitled to a judgment against Plaintiffs for money damages;

   b. MCL § 445.252(f)(ii) by misrepresenting the legal rights of Cadles and the Plaintiffs. Defendant violated this provision of the MOC by misrepresenting the legal rights of Cadle and the Plaintiffs when filing

the State Court Complaint alleging time-barred and legally untenable claims, and maintaining those claims;

c. MCL § 445.252(n) by using harassing, oppressive, and abusive methods to collect the Debt. Defendant violated this provision of the MOC by filing the State Court Complaint seeking money damages from Plaintiffs based on time-barred and legally untenable claims, and maintaining those claims; and

d. MCL § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee. Defendant violated this provision of the MOC by failing to implement a procedure designed to prevent the filing of time-barred and legally untenable claims.

39. These violations of the MCPA were willful.

40. Plaintiffs have suffered damages as a result of these violations of the MCPA.

**WHEREFORE**, Plaintiffs pray this court grants them a judgment against Defendant for actual damages, statutory damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant them the following relief against Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiffs hereby demands a trial by Jury.

Respectfully submitted.

Dated: August 30, 2017    /s/ Gary Nitzkin
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD P68710
CARL SCHWARTZ P70335
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiffs
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
gary@crlam.com
travis@crlam.com
carl@crlam.com