UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY DUNN and
RICHARD DUNN,

    Plaintiffs,

v.

Case No. 17-12851
HON. DENISE PAGE HOOD

DANIEL S. GROSS
& ASSOCIATES, PLC,

    Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE
DEFENDANT'S MOTION TO DISMISS [#5]**

**I.     INTRODUCTION**

Defendant filed a Motion to Dismiss on November 30, 2017, Dkt. No. 5, and it has been fully briefed. The Court, having concluded that the decision process would not be significantly aided by oral argument, orders that the Motion to Dismiss be resolved on the Motion and briefs submitted by the parties. E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court denies without prejudice Defendant's Motion to Dismiss and stays the proceedings in this Court.

**II.     BACKGROUND**

Plaintiffs formerly lived at a residence located at 16191 Negaunee, in Redford, Michigan (the "Residence"). On or about August 4, 2007, Plaintiffs signed a

promissory note in favor of Capital One Home Loans, LLC ("Capital One"), secured by a second mortgage on the Residence (the "Note"), which was modified on June 1, 2009 (the "Modified Note"). The amount of the debt was approximately $139,158.51 (the "Debt"). Plaintiffs fell behind on their payment obligation under the Modified Note and made their last payment in September of 2010. Plaintiffs' home was foreclosed upon, then sold at auction on March 30, 2011. On April 7, 2011, a Sheriff's Deed on Mortgage Foreclosure was recorded with the Wayne County Register of Deeds, and the redemption period expired without redemption. Cadles of West Virginia, LLC ("Cadles") subsequently acquired the Note and Modified Note from Capital One.

On February 6, 2017, Defendant, a law firm representing Cadles, filed a lawsuit in Livingston County Circuit Court (the "State Court case") on behalf of Cadles. The State Court case was based on the Note and Modified Note and included three counts: (1) breach of contract; (2) account stated; and (3) unjust enrichment. As defendants in the State Court case, Plaintiffs answered that Cadles' action was barred by the statute of limitations. Defendant filed a motion for summary disposition on behalf of Cadles in the State Court case, asserting that Plaintiffs failed to raise a legal defense and that no genuine issue of material fact existed. On September 7, 2017, the State Court denied Cadles' dispositive motion but granted Cadles leave to file an amended

complaint. Defendant filed an amended complaint in the State Court case on behalf of Cadles. The amended State Court complaint included two counts: (a) breach of contract (mortgage covenant for debt); and (b) breach of installment contract. Each of the claims alleged in the amended State Court complaint sought relief under the Note/Modified Note. Plaintiffs filed an answer to the amended complaint, asserting the same statute of limitations affirmative defense as they had in response to the original complaint. According to Plaintiffs, the State Court case has now been scheduled for trial.

Plaintiffs filed the instant action against Defendant on August 30, 2017, alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Michigan Collections Practices Act, M.C.L. § 445.251 *et seq.* ("MCPA"), and the Michigan Occupational Code, M.C.L. § 339.901 *et seq.* ("MOC"), when Defendant filed the State Court case. In the Motion to Dismiss, Defendant asserts that it is entitled to dismissal of Plaintiffs' cause of action because the amended State Court complaint is not time-barred and because the MOC does not apply to Defendant. In the alternative, Defendant argues that this Court should decline to exercise jurisdiction over this matter and allow the State Court decide whether the State Court case was time-barred.

## III. ANALYSIS

In its Motion to Dismiss, Defendant argued in the alternative that this Court should abstain from exercising jurisdiction. Despite Defendant devoting five pages of its brief to this argument, Plaintiffs did not address the issue of abstention in their response. For the reasons that follow, the Court does not address the substantive arguments in Defendant's Motion to Dismiss and stays this proceeding pursuant to the *Colorado River* abstention doctrine.

The Supreme Court has held that federal courts may abstain from hearing a case solely because there is similar litigation pending in state court. *Colorado River Water Conserv. Distr. v. United States,* 424 U.S. 800, 818 (1976). "[A] federal court may defer to a parallel concurrent state court proceeding, when the decision to do so is 'based on wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Taylor v. Campanelli*, 29 F.Supp.3d 972, 976 (E.D. Mich. 2014) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). A district court should abstain under the *Colorado River* doctrine only when it "concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 28 (1983), *superseded on other grounds as stated in Bradford-Scott Data Corp.,*

*Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504 (7th Cir. 1997).

The threshold question is, "Are there parallel state court proceedings?" A state court proceeding need not be identical but merely "substantially similar" to be parallel. *Romine v. Compuserve Corp.,* 160 F.3d 337, 340 (6th Cir. 1998); *Bates v. Van Buren Twp.,* 122 F. App'x 803, 806 (6th Cir. 2004). Cases are "substantially similar 'where (1) the parties are substantially similar, and (2) [Plaintiffs'] claims against [Defendant] are predicated on the same allegations as to the same material facts.'" *Taylor*, 29 F.Supp.3d at 977 (citing *Doe v. Ann Arbor Public Schools*, 2012 WL 1110015, at *3 (E.D. Mich. April 3, 2012) (citing *Romine*, 160 F.3d at 340) (citations omitted)). The parties "need not be identical," but "are considered 'substantially the same' for *Colorado River* purposes" when they have "nearly identical interests." *Taylor*, 29 F.Supp.3d at 977 (citing *Heitmanis v. Austin,* 889 F.2d 521, 528 (6th Cir. 1990), and *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004)).

The Court finds that this case is parallel to the State Court case. In reviewing the amended State Court complaint, the Complaint in this case, and the parties' filings related to Defendant's Motion to Dismiss, the Court finds that it is undisputed that both the State Court case and this case are predicated on the same material facts. First, the parties are nearly identical. The Plaintiffs in this case are defendants in the State Court case. Defendant was not a party to the State Court case, but Defendant: (a) filed

the State Court case on behalf of Cadles; and (b) brought the legal claims on behalf of Cadles that Plaintiffs now challenge.

Second, the State Court case alleges that Plaintiffs breached the Modified Note. This case was brought because Defendant allegedly violated several statutes when filing the State Court case. Both cases both arise out of – and their respective resolutions turn on – whether the Modified Note is enforceable. Both cases require a determination of whether the ten-year statute of limitations set forth in M.C.L. § 600.5807(4) applies. For those reasons, the Court concludes that this case is substantially similar to the State Court case and that the cases are parallel.

Having determined that the cases are parallel, the Court must determine whether judicial economy warrants abstention by evaluating several factors including: (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Colorado River,* 424 U.S. at 818-19; *Romine*, 160 F.3d at 340-41. These factors are not a mechanical checklist, but instead "require a careful balancing of the important factors

as they apply in a given case depending on the particular facts at hand." *Romine*, 160 F.3d at 341 (citation and internal quotations omitted).

Applying these factors to the case at bar, the Court is convinced that it should abstain at this time from making any determinations regarding the underlying issues in this case. The first factor has no relevance as the state court has not assumed jurisdiction over any res or property. With respect to the second factor, neither the federal nor state court is more convenient than the other. The third factor weighs in favor of federal abstention. As the same issue of law (whether Defendant's claims in the State Court case are time-barred), the avoidance of piecemeal litigation is necessary. The Court believes it is important to avoid inconsistent and piecemeal decisions related to state law(s). The State Court case was filed first, and jurisdiction was obtained first in that court, which means the fourth factor weighs in favor of federal abstention.

With respect to fifth factor, the principal source of governing law, and the dispositive issue, turns on whether the state law 10-year statute of limitations set forth in M.C.L. § 600.5807(4) applies to the claims filed by Defendant in the State Court case. The Court finds that this factor weighs heavily in favor of federal abstention. The sixth factor also weighs in favor of federal abstention. There is no reason to believe that the State Court will not be able to adequately protect the Plaintiffs' rights

7

in that case or this one, particularly as the key issue is grounded in state law.

The Court finds that the seventh factor – the progress of the two court actions – is neutral or may weigh slightly in favor of federal abstention. The State Court case was filed first, that court has already ruled on a dispositive motion filed by Cadles and granted Cadles leave to file an amended complaint, the parties have amended their pleadings, and Plaintiffs represent that the State Court case has been scheduled for trial. In this federal case, no scheduling order has been issued and, other than the filing of the Complaint and the briefing of the Motion to Dismiss, the case has not progressed. There is concurrent jurisdiction in this matter, as there are claims in both cases based on state law and this case has a claim rooted in a federal statute. The Court finds the eighth factor to be neutral.

Having considered and balanced the eight factors, the Court finds that they collectively weigh in favor of this Court abstaining from taking further action(including deciding Defendant's Motion to Dismiss) at this time. The Court cannot dismiss Plaintiffs' cause of action in this Court, as it must abstain from hearing this matter until the State Court case is resolved (or at least until there is a ruling on the issue of whether Defendant's claims in that case are time-barred). *See, e.g., Bates*, 122 F. App'x at 809 ("requiring a stay of proceedings rather than a dismissal in *Colorado River* abstention cases"). The Court stays this case and denies without

prejudice Defendant's Motion to Dismiss.

## IV. CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that Defendant's Motion to Dismiss [Dkt. No. 5] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that this case is STAYED pending a resolution of the issue of whether Defendant's claims in the State Court case are time-barred.

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: January 29, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 29, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager